HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Jennifer Smith Finnegan
Susan L. Swatski
jfinnegan@herrick.com
sswatski@herrick.com
Attorneys for the Defendant Bridgestone Firestone North American Tire, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
SELECTIVE INSURANCE COMPANY OF     :
AMERICA a/s/o GEORGE ELLIS,        :
                                   :
               Plaintiff,          : Civil Action No.: 08-CV-7573
                                   :                   (DLC) (DFE) ECF Case
         -against-                 :
                                   : **NOTICE OF REMOVAL**
BRIDGESTONE FIRESTONE NORTH        :
AMERICAN TIRE, LLC,                :
                                   :
               Defendant.          :
---------------------------------------x

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT,
       FOR THE SOUTHERN DISTRICT OF NEW YORK

Defendant Bridgestone Firestone North American Tire, LLC ("Firestone" or "Defendant") by its attorneys, Herrick, Feinstein LLP, respectfully apply for the removal (the "Notice of Removal") of this civil action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and in support thereof respectfully state as follows:

## BACKGROUND

1.    Plaintiff Selective Insurance Company of America as subrogee of George Ellis ("Plaintiff"), commenced this action in the Supreme Court of the State of New York,

HF 4310335v.1 #00214/0612

County of New York, Index No. 110099/08 (the "State Court Action") by filing a complaint (the "Complaint") on or about July 23, 2008.

2. According to the Complaint, this is a civil action arising out of personal injury allegedly sustained by George Ellis as a result of a motor vehicle accident on July 25, 2005. (Complaint at ¶ 8). The Complaint alleges that Plaintiff, as the workers' compensation carrier for Mr. Ellis' employer, has paid out approximately $50,000 on Mr. Ellis' workers' compensation claim related to the July 25, 2005 accident and anticipates making further future payments on the claim. (Id. at ¶¶ 13, 16). Plaintiff demands damages in the sum of "at least $1,000,000.00 with appropriate interest and for further compensation and medical payments" on causes of action for products liability, strict products liability, failure to warn, breaches of express and implied warranties, and negligence. Id. at ¶¶ 16, 20, 24, 30, and 35.

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(b) because Defendant has satisfied all of the procedural requirements for removal and this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## SERVICE OF THE SUMMONS AND COMPLAINT

4. Plaintiff served Defendant with a summons (the "Summons") and the Complaint on August 6, 2008.

5. Since this Notice of Removal has been filed within thirty (30) days after the date of service of the Summons and the Complaint upon Defendant, it has been timely filed under 28 U.S.C. § 1446(b).

6. A copy of the Summons and Complaint, which constitute all process, pleadings and orders served on the Defendant in the State Court Action, is annexed hereto as Exhibit A.

## DIVERSITY OF CITIZENSHIP EXISTS

7. Upon information and belief, at the time the State Court Action was commenced, Plaintiff was and continues to be a New Jersey corporation with a principal place of business at 40 Wantage Avenue, Branchville, New Jersey.

8. At the time the State Court Action was commenced, Firestone was and continues to be a Delaware limited liability company with its principal places of business at 535 Marriott Drive, Nashville, Tennessee.

9. Upon information and belief, no other parties have been joined and served as defendants in this matter.

10. Therefore, there is complete diversity between the parties under 28 U.S.C. § 1332(a), (c).

## AMOUNT IN CONTROVERSY

11. The Complaint demands $1,000,000; accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## NOTICE AND RESERVATION OF RIGHTS

12. Defendant, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the Southern District of New York, will, as required by 28 U.S.C. § 1446(d), file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and will serve a copy of the same upon Plaintiff.

13. Venue is proper in this Court because the Southern District of New York is "the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

14. This Notice of Removal is signed subject to Federal Rule of Civil Procedure 11 and is filed within thirty (30) days after Defendant's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based, as provided by 28 U.S.C. § 1446.

15. By filing this Notice of Removal, Defendant reserves all of its defenses.

16. No previous application has been made for the relief requested herein.

**WHEREFORE**, Defendant Bridgestone Firestone North American Tire, LLC respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that the matter of *Selective Insurance Company of America a/s/o George Ellis v. Bridgestone Firestone North American Tire, LLC*, Index No. 110099/08, presently pending in the Supreme Court of the State of New York, County of New York, to this Court; that this action proceed in this Court as a properly removed action, and that the Defendant be granted such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
August 26, 2008

Respectfully submitted,

HERRICK, FEINSTEIN LLP  
*Attorneys for Defendant Bridgestone Firestone North American Tire, LLC*

By: _/s/ Jennifer Smith Finnegan_  
Jennifer Smith Finnegan, Esq.  
2 Park Avenue  
New York, New York 10016  
(212) 592-1400  
jfinnegan@herrick.com

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
SELECTIVE INSURANCE COMPANY OF AMERICA
a/s/o GEORGE ELLIS,

                  Plaintiff,

-against-

BRIDGESTONE FIRESTONE NORTH AMERICAN
TIRE, LLC,

                  Defendant.
-----------------------------------------------------------------X

Index No.: 110099/08

Date Purchased: 7/23/08

Plaintiff designates New York County as the place of Trial

SUMMONS

Venue is based on defendant's place of business at: 875 Avenue of the Americas, New York, New York 10001.

To the above named defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorneys within twenty-days after the service of this summons, exclusive of the day of service (or within thirty-days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, July 22, 2008

                                                    LAMBERT & WEISS
                                                    Attorneys for Plaintiff

                                                    By: _____
                                                    Richard Lambert
                                                    61 Broadway, Suite 2020
                                                    New York, NY 10006
                                                    (212) 344-3100
                                                    File No.: 6132/08

Defendant's Addresses:

Bridgestone Firestone North American Tire, LLC
c/o National Registered Agents, Inc.
875 Avenue of the Americas
Suite 501
New York, NY 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
SELECTIVE INSURANCE COMPANY OF AMERICA
a/s/o GEORGE ELLIS,

Index No.: 110099/08

Plaintiff,

**COMPLAINT**

-against-

BRIDGESTONE FIRESTONE NORTH AMERICAN
TIRE, LLC,

Defendant.

------------------------------------------------------------X

Plaintiff, Selective Insurance Company of America (hereinafter referred to as "Selective"), by its attorneys, Lambert & Weiss, as and for its complaint against the defendant alleges, upon information and belief, as follows:

1. At all times hereinafter mentioned, Selective Insurance Company of America ("Selective") was and still is authorized to issue policies of insurance in the State of New York.

2. At all times hereinafter mentioned, defendant Bridgestone Firestone North American Tire, LLC ("Bridgestone") is a foreign limited liability company authorized to do business in the State of New York.

3. At all times hereinafter mentioned, Mr. George Ellis was an employee of Selective's insured, American Glass Company of Albany (hereinafter "American Glass").

**AS AND FOR A FIRST CAUSE OF ACTION (Products Liability)**

4. Prior to July 25, 2005, defendant Bridgestone and/or its agents representatives, employees and/or servants designed, manufactured, assembled, tested and inspected tires to which it assigned model number LT 245/75/16 (hereinafter the "Tires").

5.  Prior to July 25, 2005, defendant Bridgestone distributed quantities of the Tires for sale to the general public in interstate commerce.

6.  Prior to July 25, 2005, American Glass purchased a pick-up truck that utilized the Tires.

7.  On or about July 25, 2005, Mr. Ellis, while in his employment with American Glass, was operating the aforesaid pick-up on location.

8.  On or about July 25, 2005, solely as a result of defendant's defective and improper design, installation, manufacture, assembly, testing and inspection of the Tires, one of the Tires on the pick-up blew out, causing Mr. Ellis to lose control of the pick-up and roll over and Mr. Ellis sustained bodily injuries.

9.  The aforesaid incident was caused solely by the reason of defendant Bridgestone and/or their agents representatives, employees and/or servants defective and improper design, installation, manufacture, testing, inspection, repair assembly and construction of the aforesaid Tires.

10. Mr. Ellis was free from any contributory negligence.

11. By reason of the aforesaid, Mr. Ellis has been rendered sick, sore, lame, and disabled, and his injuries, upon information and belief, are of a permanent character. By reason thereof, he has been prevented from following his usual vocation and has been obliged to incur further expenses and obligations for medicines, medical care, attention and treatment, and continues to have pain and suffering and to be unable to follow his current vocation, all to his damage in the jurisdictional limits of this Court.

12. The aforesaid injuries were sustained by Mr. Ellis in the course of his employment with American Glass.

13. Pursuant to a policy of insurance then in full force and effect, plaintiff has paid workers' compensation and medical benefits to or on behalf of Mr. Ellis in the sum of $49,316.66 and plaintiff anticipates that it will be making further payments.

14. Upon information and belief, Mr. Ellis did not commence any action to recover for his bodily injuries and the cause of action to recover damages for the injuries to Mr. Ellis arising out of the July 25, 2005 incident set forth above was thereby duly assigned to plaintiff pursuant to Section 29 of the Workers' Compensation Law of the State of New York and plaintiff is now the holder and owner of the cause of action herein alleged, except that to the extent of any recovery in excess of the total amount of compensation paid and to be paid and medical expenses paid and to be paid and expenditures necessary to recover herein, such shall be deemed for the benefit of Mr. Ellis.

15. The exemptions set forth in Subdivision One of Section 1601 and/or 1602 do not apply.

16. By reason of the aforesaid, defendant is liable and indebted to plaintiff in the sum of at least $1,000,000.00 with appropriate interest and for further compensation and medical payments plaintiff is compelled to make to or on behalf of Mr. Ellis.

## AS AND FOR A SECOND CAUSE OF ACTION (Strict Products Liability)

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "16" as if fully set forth at length herein.

18. Defendant Bridgestone and/or their agents, representatives, employees and/or servants, improperly and defectively manufactured, designed, assembled, inspected and tested the Tires.

19. As a result of the defective and improper manufacture, design, construction, assembly, inspection and testing of the Tires, the Tires became a dangerous instrumentality, ultra hazardous in nature and thereby rendering defendant Bridgestone strictly liable for the aforesaid injuries sustained by Mr. Ellis.

20. By reason of the aforesaid, defendant is liable and indebted to plaintiff in the sum of at least $1,000,000.00 with appropriate interest and for further compensation and medical payments plaintiff is compelled to make to or on behalf of Mr. Ellis.

### AS AND FOR A THIRD CAUSE OF ACTION (Failure to Warn)

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "20" as if fully set forth at length herein.

22. Prior to July 25, 2005, defendant failed to adequately warn the general public, including, but not limited to Mr. Ellis, of the defects and the dangerous conditions associated with the aforesaid Tires and failed to take timely preventive measures to repair, replace or otherwise remedy the defects.

23. As a result of the aforesaid, Mr. Ellis sustained severe bodily injuries.

24. By reason of the aforesaid, defendant is liable and indebted to plaintiff in the sum of at least $1,000,000.00 with appropriate interest and for further compensation and medical payments plaintiff is compelled to make to or on behalf of Mr. Ellis.

### AS AND FOR A FOURTH CAUSE OF ACTION (Breaches of Express & Implied Warranties)

25. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "24" as if fully set forth at length herein.

26. Defendant Bridgestone expressly and/or implicitly warranted to the general public, including, but not limited to Mr. Ellis, that the Tires were merchantable in that they were fit for ordinary purposes and safe for their intended use.

27. Defendant's product was not safe for its intended use; therefore, defendant's warranties were breached.

28. As a direct and proximate result of the breaches of warranties, the aforesaid incident occurred.

29. As a result of the aforesaid, Mr. Ellis sustained severe bodily injuries.

30. By reason of the aforesaid, defendant is liable and indebted to plaintiff in the sum of at least $1,000,000.00 with appropriate interest and for further compensation and medical payments plaintiff is compelled to make to or on behalf of Mr. Ellis.

## AS AND FOR A FIFTH CAUSE OF ACTION (Negligence)

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "30" as if fully set forth at length herein.

32. Defendant Bridgestone negligently manufactured, designed, inspected, tested, distributed and sold the Tires.

33. Defendant Bridgestone negligently failed to give adequate warnings to the general public, including Mr. Ellis, regarding the dangers associated with the Tires.

34. As a result of the aforesaid, Mr. Ellis sustained severe bodily injuries.

35. By reason of the aforesaid, defendant is liable and indebted to plaintiff in the sum of at least $1,000,000.00 with appropriate interest and for further compensation and medical payments plaintiff is compelled to make to or on behalf of Mr. Ellis.

**WHEREFORE**, plaintiff, Selective Insurance Company of America, demands judgment on its first, second, third, fourth and fifth causes of action against defendant Bridgestone Firestone North American Tire, LLC in the sum of $1,000,000.00 plus appropriate interest, and for any further payments plaintiff is compelled to make to George Ellis, together with costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated: July 22, 2008

                                          Yours, etc.

                                          LAMBERT & WEISS
                                          *Attorneys for Plaintiff*

By: _____
                                          RICHARD LAMBERT
                                          61 Broadway, Suite 2020
                                          New York, New York 10006
                                          (212) 344-3100
                                          File No.: 6132/08