Jennifer Smith Finnegan, Esq.
Susan L. Swatski, Esq.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Tel:  212-592-1400
Fax: 212-592-1500
*Attorneys For Defendant Bridgestone Firestone*
*    North American Tire, LLC*

**DOCUMENT ELECTRONICALLY FILED**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA a/s/o GEORGE ELLIS, | : Civil Action No.: 08-cv-7573(DLC)(DFE) |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : **BRIDGESTONE FIRESTONE** |
| | : **NORTH AMERICAN TIRE, LLC'S** |
| | : **ANSWER TO COMPLAINT** |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, | : |
| | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant Bridgestone Firestone North American Tire, LLC ("Firestone") by its

counsel, Herrick, Feinstein LLP, as and for its Answer to the Complaint, hereby alleges as

follows:

        1.        Firestone denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1 of the Complaint.

        2.        Firestone admits the allegations contained in paragraph 2 of the

Complaint.

        3.        Firestone denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 3 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
### (Products Liability)

4.     Firestone denies the allegations contained in paragraph 4 of the Complaint, except admits that Firestone has designed and manufactured tires in size LT 245/75R16.

5.     Firestone denies the allegations contained in paragraph 5 of the Complaint, except admits that Firestone has designed, manufactured and distributed tires in size LT 245/75R16.

6.     Firestone denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.     Firestone denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.     Firestone denies the allegations contained in paragraph 8 of the Complaint, except denies knowledge or information sufficient to form a belief as to the alleged injuries of George Ellis.

9.     Firestone denies the allegations contained in paragraph 9 of the Complaint.

10.     Firestone denies the allegations contained in paragraph 10 of the Complaint.

11.     Firestone denies the allegations contained in paragraph 11 of the Complaint, except denies knowledge or information sufficient to form a belief as to the alleged injuries of George Ellis.

HF 4319111v.2 #00214/0612 09/02/2008

12.    Firestone denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Firestone denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Firestone denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and respectfully refers questions of law to this Court for determination.

15.    Firestone neither admits nor denies the allegations contained in paragraph 15 of the Complaint in that they are questions of law which are respectfully referred to this Court for determination.

16.    Firestone denies the allegations contained in paragraph 16 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
### (Strict Products Liability)

17.    In response to the allegations contained in paragraph 17 of the Complaint, Firestone repeats and realleges each and every of its responses to the allegations contained in paragraphs 1 through 16 above as if fully set forth at length herein.

18.    Firestone denies the allegations contained in paragraph 18 of the Complaint.

19.    Firestone denies the allegations contained in paragraph 19 of the Complaint.

20.    Firestone denies the allegations contained in paragraph 20 of the Complaint.

- 3 -

## AS TO THE THIRD CAUSE OF ACTION
### (Failure to Warn)

21.     In response to the allegations contained in paragraph 21 of the Complaint, Firestone repeats and realleges each and every of its responses to the allegations contained in paragraphs 1 through 20 above as if fully set forth at length herein.

22.     Firestone denies the allegations contained in paragraph 22 of the Complaint.

23.     Firestone denies the allegations contained in paragraph 23 of the Complaint, except denies knowledge or information sufficient to form a belief as to the alleged injuries of George Ellis.

24.     Firestone denies the allegations contained in paragraph 24 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### (Breaches of Express and Implied Warranties)

25.     In response to the allegations contained in paragraph 25 of the Complaint, Firestone repeats and realleges each and every of its responses to the allegations contained in paragraphs 1 through 24 above as if fully set forth at length herein.

26.     Firestone denies the allegations contained in paragraph 26 of the Complaint, except admits that tires designed and manufactured by Firestone are of merchantable quality and reasonably fit for their intended and reasonably foreseeable purposes.

27.     Firestone denies the allegations contained in paragraph 27 of the Complaint.

28.     Firestone denies the allegations contained in paragraph 28 of the Complaint.

HF 4319111v.2 #00214/0612 09/02/2008

29.     Firestone denies the allegations contained in paragraph 29 of the Complaint, except denies knowledge or information sufficient to form a belief as to the alleged injuries of George Ellis.

30.     Firestone denies the allegations contained in paragraph 30 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
### (Negligence)

31.     In response to the allegations contained in paragraph 31 of the Complaint, Firestone repeats and realleges each and every of its responses to the allegations contained in paragraphs 1 through 30 above as if fully set forth at length herein.

32.     Firestone denies the allegations contained in paragraph 32 of the Complaint.

33.     Firestone denies the allegations contained in paragraph 33 of the Complaint.

34.     Firestone denies the allegations contained in paragraph 34 of the Complaint, except denies knowledge or information sufficient to form a belief as to the alleged injuries of George Ellis.

35.     Firestone denies the allegations contained in paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

The venue selected by Plaintiff is improper and/or inconvenient to the parties and witnesses.

HF 4319111v.2 #00214/0612 09/02/2008

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The injuries and damages allegedly sustained by George Ellis and/or Plaintiff were caused solely by his own culpable and negligent conduct and were not caused nor contributed to by reason of any negligence or other omission or act on the part of Firestone.

## FOURTH DEFENSE

All or part of the damages allegedly sustained by George Ellis were caused by his culpable conduct through his own contributory negligence and careless acts or omissions, and Plaintiff's alleged damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to George Ellis.

## FIFTH DEFENSE

Firestone alleges that the incident and damages complained of were caused solely by the separate, independent and/or negligent actions and/or inactions of third persons over whom Firestone exercised no control and with whom Firestone had no relationship, including without limitation, George Ellis' employer, American Glass Company of Albany, and Plaintiff's damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to such third persons.

## SIXTH DEFENSE

George Ellis assumed the risk of the injuries he allegedly sustained.

## SEVENTH DEFENSE

Plaintiff failed to satisfy the requirements of Section 29 of the Workers Compensation Law of the State of New York to sustain the causes of action set forth in the Complaint.

- 6 -

**EIGHTH DEFENSE**

Plaintiff's right to recover, if any, is barred or otherwise limited to its rights of subrogation, if any, under Section 29 of the Workers Compensation Law of the State of New York and any applicable insurance policy(ies).

**NINTH DEFENSE**

The injuries or damages allegedly sustained by George Ellis were caused by misuse of the products or materials identified in the Complaint or by use in a manner not intended or not in accord with instructions and labels.

**TENTH DEFENSE**

The products or materials identified in the Complaint were substantially modified, changed and/or altered by third persons over whom Firestone exercised no control.

**ELEVENTH DEFENSE**

Firestone alleges that if any of the products involved were designed, manufactured, assembled, tested and/or inspected by Firestone, then such products were of merchantable quality and reasonably fit, suitable and safe for their intended and reasonably foreseeable purposes.

**TWELFTH DEFENSE**

Firestone alleges that if any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made, designed, assembled, tested and/or inspected by Firestone, then each such warranty, guarantee or representation was fully satisfied.

**THIRTEENTH DEFENSE**

Firestone alleges that if any of the products in question were manufactured, designed, assembled, tested, and/or inspected by Firestone, such products were manufactured,

HF 4319111v.2 #00214/0612 09/02/2008

designed, assembled, tested, and/or inspected in accordance with industry standards, were state of the art and were sold in compliance with the specifications of the purchase orders.

## FOURTEENTH DEFENSE

Firestone denies any acts or omissions on its part proximately caused the incident or injuries of which Plaintiff/George Ellis complains.

## FIFTEENTH DEFENSE

Firestone claims credit for all collateral sources from which Plaintiff/George Ellis has or shall receive benefits.

## SIXTEENTH DEFENSE

Any recovery by Plaintiff is limited to the amounts recoverable under principles of workers' compensation subrogation.

## SEVENTEENTH DEFENSE

The claims against Firestone are barred by reason of lack of privity.

## EIGHTEENTH DEFENSE

The incidents and damages, if any, of which Plaintiff complains were proximately caused by the fault of third persons not parties to this lawsuit.  Inasmuch as the liability of Firestone and the right, if any, of Plaintiff to recover in this litigation can only be determined after the percentages of fault of all parties to the incident are determined, whether or not they are parties to this litigation, Firestone seeks an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

## NINETEENTH DEFENSE

Some or all of the claims set forth in the Complaint are barred by the applicable statute of limitations.

HF 4319111v.2 #00214/0612 09/02/2008

### TWENTIETH DEFENSE

Plaintiff is barred from recovery against Firestone because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to Firestone.

### TWENTY-FIRST DEFENSE

George Ellis's injuries, if any, were caused by preexisting or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

### TWENTY-SECOND DEFENSE

Plaintiff/George Ellis has failed to minimize or mitigate damages.

### TWENTY-THIRD DEFENSE

All limitations of liability made available pursuant to Article 16 of the Civil Practice Laws and Rules of New York apply to Firestone.

### TWENTY-FOURTH DEFENSE

The damages that Plaintiff and/or George Ellis allegedly sustained must be reduced to the extent George Ellis' injuries were caused and/or aggravated by his failure to utilize an available seatbelt, body harness or other safety device.

### TWENTY-FIFTH DEFENSE

The injuries or damages which the George Ellis allegedly sustained were caused by his failure to operate the vehicle in a safe or reasonable manner.

### TWENTY-SIXTH DEFENSE

Firestone denies that it designed, manufactured, assembled, tested and/or inspected any product responsible for the occurrence of the incident in question.

### TWENTY-SEVENTH DEFENSE

Firestone reserves the right to assert additional defenses if and to the extent that such defenses become known to be applicable.

HF 4319111v.2 #00214/0612 09/02/2008

**WHEREFORE**, Firestone demands Judgment dismissing the Complaint, together with costs, disbursements and attorneys' fees herein, and such other and further relief which this Court deems appropriate.

Dated:  New York, New York
        September 2, 2008

                                        **HERRICK, FEINSTEIN LLP**


                                        By: ___s/Jennifer Smith Finnegan_____
                                              Jennifer Smith Finnegan, Esq.
                                        2 Park Avenue
                                        New York, New York 10016-9301
                                        Tel:  212-592-1400
                                        jfinnegan@herrick.com
                                        *Attorneys for Defendant Bridgestone Firestone*
                                        *North American Tire, LLC*

- 10 -

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on this 2nd day of September, 2008, I caused to be electronically filed the foregoing Answer to Complaint with the Clerk of Court by using the CM/ECF system and caused a true and complete copy of the Answer to be mailed by U.S. Mail to the following:

       Richard Lambert, Esq.
       LAMBERT & WEISS
       61 Broadway, Suite 2020
       New York, New York 10006
       (212) 344-3100
       *Attorneys for Plaintiff.*

          s/ Jennifer Smith Finnegan_____
          Jennifer Smith Finnegan, Esq.
          HERRICK, FEINSTEIN LLP
          2 Park Avenue
          New York, NY 10016
          Tel: (212) 592-1400
          Fax: (212) 592-1500
          jfinnegan@herrick.com
          *Attorneys for Defendant Bridgestone Firestone*
          *North American Tire, LLC*

HF 4319111v.2 #00214/0612 09/02/2008